# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIE WILLIAMS (#A-73359) ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 0614 |
| ) | |
| MAURICE MACKLIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Willie Williams, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Williams claims that the defendants, a Cook County investigator and jail officials, violated his constitutional rights by acting with deliberate indifference to his serious medical needs. Specifically, Williams alleges that despite his repeated requests, the defendants denied him his prescribed blood pressure medication for approximately three months. As a result of this lack of medication, Williams suffered a stroke. This matter is before the Court for ruling on the defendants' motion to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motion is denied.

It is well established that *pro se* complaints are to be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Fact pleading is not necessary to state a claim for relief. *See Thompson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 1964 (2007)

(quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson*, 362 F.3d at 971. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic Corp.*, 127 S.Ct. at 1964 -65 (citations omitted).

As is required by the law, this court takes the allegations in the Complaint as true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 127 S.Ct. at 1955 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, (2002). This court will deny the motion to dismiss the complaint only when it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *See, e.g., Norfleet v. Vale*, No. 05 C 0926, 2005 WL 3299375, at *1 (N.D. Ill. Dec. 5, 2005) (Zagel, J.). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Id.*, 127 S.Ct. at 1973-74 & n.14. Furthermore, a plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006). In short, the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *See Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996) (citations omitted).

**FACTS**

The plaintiff, currently a state prisoner, was a pretrial detainee in the custody of the Cook County Department of Corrections ["the County Jail"] and, later, the custody of defendant Macklin,[1] at the time of the events giving rise to this lawsuit. Defendants Earnest Wright and Gary Hickerson were, respectively, the chief and superintendent of the County Jail's Division Five, where the plaintiff was housed. Later, the plaintiff was released to the custody of defendant Maurice Macklin. Macklin is an investigator for the Cook County State's Attorney's Office.

Upon his arrest on September 4, 2007, Williams was ordered held at the Cook County Jail. When Williams was booked in the jail's receiving unit, he informed the screening physician that he suffers from hypertension. Jail officials gave him a seven-day supply of blood pressure medication. The medication ran out on September 10, 2007, and Williams did not receive any more medication until he filed a grievance on or about September 11, 2007, one day later.

Starting September 11, 2007, jail officials gave Williams another seven-day supply, but again, the medication ran out and he did not receive more until about September 19, 2007.

Thereafter, between September 2007 and December 2007, Williams repeatedly informed the defendants that he was being deprived of "critical" medication. Williams wrote defendants Hickerson and Wright letters, filed grievances, and submitted sick call requests to the jail's health care unit, all to no avail. Williams went approximately three months without medication.

On December 3, 2007, Williams was given an "I-bond" (individual recognizance bond, as opposed to having post bail) and placed in the custody of defendant Macklin, who heads a witness protection program. Macklin took note of all of Williams' medical issues and promised

---

[1]Williams does not explain the nature of his status once he was released from jail; he simply asserts that he was released to the custody of the State's Attorney's Office.

3

to make sure that he received any required medication. However, in spite of this promise, Williams never received any medication while in the State's Attorney's custody, and Macklin ignored his repeated requests for his medicine.

On December 20, 2007, Williams suffered a stroke, ostensibly as a result of the lack of medication.

## **DISCUSSION**

Accepting the plaintiff's factual allegations as true, the Court finds that the Complaint states an actionable claim against the defendants, to the extent that they are sued in their individual capacities. The plaintiff has articulated a prima facie case of deliberate indifference to a serious medical need.

**I. Individual vs. Official Capacity**

The plaintiff is plainly suing the defendants in their individual capacities. Contrary to the defendants' argument, the plaintiff's omission of the phrase "individual capacity" does not necessarily render this solely an official capacity suit. *See, e.g., Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991); *Miller v. Smith*, 220 F.3d 491, 494 (7th Cir. 2000) (rejecting the presumption that Section 1983 plaintiffs who fail to designate whether a defendant is sued in his or her individual or official capacity intended an official capacity suit). The plaintiff in the case at bar is not alleging an official policy, custom or practice underlying the purported denial of medical care. Rather, he maintains that the defendants were personally responsible for denying him needed high blood pressure medication for months, in violation of his constitutional rights. In fact, in the Relief portion of the Complaint, the plaintiff expressly seeks "compensatory damages in the amount of $500,000 against defendants

4

**individually**." (Complaint, p. 8, emphasis added.) The Court concludes that the *pro se* plaintiff has asserted claims against the defendants in their individual capacities.

**II. Deliberate Indifference**

The facts support an inference of deliberate indifference. The Due Process Clause prohibits deliberate indifference to the serious medical needs of a pretrial detainee. *See Chapman v. Keltner*, 241 F. 3d 842, 845 (7th Cir. 2001); *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999). Deliberate indifference has both an objective and a subjective element: the inmate must have an objectively serious medical condition, and the health care provider must be subjectively aware of and consciously disregard the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000).

The Court will assume for purposes of this motion that the plaintiff's need for treatment of his high blood pressure amounted to a "serious" medical need. A medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention" may constitute a serious medical need. *Edwards v. Snyder*, 478 F.3d 827, 830 -831 (7th Cir. 2007)[2] (*quoting Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005); *see also Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Because the plaintiff describes an arguably serious medical condition, the objective component is satisfied.

---

[2] The Court is citing certain Eighth Amendment cases in this order. The same standard of deliberate indifference applies to claims brought under the Fourteenth Amendment. *See, e.g., Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999).

The plaintiff has also sufficiently pleaded the subjective component. To satisfy the subjective prong of deliberate indifference, the plaintiff must allege that the defendant in question was aware of and consciously disregarded the inmate's medical need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). "Deliberate indifference" means that the officials were aware that the prisoner needed medical treatment, but disregarded the risk by failing to take reasonable measures. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). Refusing to ensure that the plaintiff receive prescribed medication for hypertension could easily be characterized as deliberate indifference.

Finally, the defendants are mistaken that the plaintiff's response and affidavit opposing the motion to dismiss are improper and should be stricken. As a general rule, a plaintiff may assert additional facts in his response to the motion to dismiss, so long as the new allegations are consistent with original pleading. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1006 (7th Cir. 2000); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Because the defendants specifically challenged the factual sufficiency of the Complaint, it was perfectly appropriate for the plaintiff to clarify such facts as precisely what his medical condition was and what "critical" medication he needed.

In sum, the plaintiff alleges that each of the three defendants was personally aware of his medical situation, but that each failed to act despite repeated oral and written requests. The plaintiff may proceed against the defendants to the extent that they are sued in their individual capacities for damages.

Finally, the plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed. In the future, the Court may strike without considering any document filed that fails to comport with this basic filing rule.

## **CONCLUSION**

For the foregoing reasons, the Defendants' Motion to Dismiss [#20] is denied. The defendants are directed to answer or otherwise plead within twenty-one days of the date of this order.

Enter: _____
VIRGINIA M. KENDALL
United States District Judge

Date: October 23, 2008